**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,

        Plaintiff,

vs.

MORTON WILLIAMS ASSOCIATED
SUPERMARKET, INC.,
a New York corporation,

        Defendant.

------------------------------------------------------------x

CASE NO.: 08 CV 01686

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues MORTON WILLIAMS ASSOCIATED SUPERMARKET, INC., a New York corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair.

   The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, the Defendant MORTON WILLIAMS ASSOCIATED SUPERMARKET, INC., a New York corporation, is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property," located at 311 East 23rd Street, New York, New York 10010.

7. All events giving rise to this lawsuit occurred in the Southern District of New York, in the County of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a public accommodation, subject to the ADA, located at 311 East 23rd Street, New York, New York 10010.

10. Between December 2006 and the present, MR. BROWN visited the Property, located at 311 East 23rd Street, New York, New York 10010, numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. BROWN plans to and will visit the Property to utilize the goods and services in the

2

future.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

   A. inaccessible entrance to the Property due to excessive slope on ramp and lack of handrails;

   B. inaccessible pastry counter due to excessive height;

   C. inaccessible deli area due to excessive slope on ramp and lack of handrails;

   D. inaccessible exits throughout Property due to excessively narrow doors;

   E. inaccessible Café due to door handle placement out of reach range; and

   F. inaccessible ramps due to conditions of disrepair, including missing sections of handrails.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205

WHEREFORE, the Plaintiff demands judgment against ROBERT GORDON, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by MORTON WILLIAMS ASSOCIATED SUPERMARKETS, INC. is in violation of the ADA;

    B. That the Court enter an Order directing MORTON WILLIAMS ASSOCIATED SUPERMARKET, INC to alter the facility to make it accessible to and useable by individuals with disabilities to the full

extent required by Title III of the ADA;

C. That the Court enter an Order directing MORTON WILLIAMS ASSOCIATED SUPERMARKET, INC to evaluate and neutralize it's policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512

By: _____
KU & MUSSMAN, P.A.
Attorney for Plaintiff
J. Justin Griffin, Esq.
Of Counsel
176 Route 304, 2nd Floor
Bardonia, NY 10954
Tel: (845) 623-8071
Fax: (845) 623-8072
jjg10@hotmail.com
Bar ID No.: JG4808