UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTOPHER E. BROWN,
as Individual,

                Plaintiff,

vs.

MORTON WILLIAMS ASSOCIATED
SUPERMARKET, INC.,
a New York corporation,

                Defendant.

------------------------------------------------------------X

Case No. 08 CV 01686 (SCR)

**ANSWER**

      The defendant Morton Williams Associated Supermarket, Inc., answering the Complaint of the plaintiff, Christopher E. Brown, respectfully sets forth and alleges:

    1.    Denies any knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs "3", "4", "5" and "7".

    2.    Denies the allegation set forth in Paragraph "6".

    3.    As to Paragraph "8", repeats and realleges each and every denial previously set forth in Paragraphs "3" through "7".

    4.    Denies any knowledge or information sufficient to form a belief as to Paragraphs "10", "11", "12", "13" and "20".

    5.    Denies each and every allegation contained in Paragraph "14 A., B., C., D., E., F.", "15", "16", "17", "18", "19" and "21".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.  That in all of the times that the plaintiff alleges he had been at the location, he never complained once to any employee. That the service of the Summons and Complaint was the first notice that this plaintiff or anyone had any complaints whatsoever concerning this location for wheelchair use.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.  The premises consist of two (2) separate and distinct areas. Area No. 1 is the supermarket which has been stated as being one of the most friendly handicapped supermarkets in the City of New York. Area No. 2 is the café which serves food for on premises consumption and the entrance to the café is also handicap friendly. From the café, as a convenience, there is an entrance to the supermarket that requires going up a slight ramp. There is no reason that any handicapped person would seek entrance into the supermarket from the café since the main entrance to the supermarket is surely wheelchair friendly. It is street level with no raises or bumps.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.  Many wheelchair occupants utilize the supermarket to do their shopping. If requested, a clerk will accompany the wheelchair occupant and aid the occupant in shopping since the bulk of the product may be on shelves that are not within the reach of a person sitting in a wheelchair. The aid, who is a clerk that accompanies the wheelchair

2

occupant if the wheelchair occupant asks for this service, does it as a service that the supermarket offers.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.  The supermarket was built on two (2) different levels so the rise from one level to another is a gradual rise up an extremely wide ramp with product in shelving on either side of the ramp. The ramp is covered with a non-slip substance specifically designed to aid wheelchair or walker-aided shoppers. In addition thereto, if anyone has trouble, a Clerk will be more than happy to help them at any time during their shopping.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. An allegation that the pastry counter in the café is inaccessible due to excess height is in error. The pastry area is not a counter but rather a glass showcase in which food is maintained behind the glass. The customer points to what they would like and a Clerk that services this area extracts the specific item from the glass case and hands it to the customer or packs it and then hands it to the customer depending whether the customer is going to eat in the café or take the pastry out from the café.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. An allegation that the café is inaccessible due to the door handle placement being out of reach is in error. The door handle placement was designed specifically to accommodate wheel chair access.

**WHEREFORE,** the defendant demands judgment dismissing the complaint in its entirety and granting defendant costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 25, 2008

                                        Yours, etc.,

                                        FINKEL GOLDSTEIN
                                        ROSENBLOOM & NASH, LLP
                                        Attorneys for Defendant
                                        26 Broadway - Suite 711
                                        New York, New York 10004
                                        (212) 344-2929

                                        By: _____
                                             Robert S. Powers (RSP 0467)

TO:   KU & MUSSMAN, P.A.
      Attorneys for Plaintiff
      J. Justin Griffin, Esq.
      Of Counsel
      176 Route 304 – 2nd Floor
      Bardonia, New York 10954
      (845) 623-8071

H:\carol\word\hgoldstein\Sloan\Brown\answer 3-11-08.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER E. BROWN,             Case No. 08 CV 01686 (SCR)
as Individual,

                    Plaintiff,

          vs.                                     **AFFIDAVIT OF SERVICE**

MORTON WILLIAMS ASSOCIATED
SUPERMARKET, INC.,
a New York corporation,

                    Defendant.
------------------------------------------------------------X

STATE OF NEW YORK    )
                               : ss:
COUNTY OF NEW YORK  )

       **CAROLINE FISH**, being duly sworn, deposes and says:

       I am not a party of the action, am over 18 years of age, and reside at Staten Island, New York.
       On March 25, 2008, I served the within **ANSWER** by depositing a true copy thereof, enclosed in a post-paid wrapper, into an official depository under the exclusive care and custody of the United States Postal Service within New York State, located at 26 Broadway, New York, New York 10004, addressed to each of the following persons at the last known address set forth after each name below on the date indicated:

                      KU & MUSSMAN, P.A.
                      Attorneys for Plaintiff
                      J. Justin Griffin, Esq.
                      Of Counsel
                      176 Route 304 – 2nd Floor
                      Bardonia, New York 10954

                                               _____
                                                  CAROLINE FISH

Sworn to before me this
25th day of March, 2006

_____
    Notary Public

ROBERT S. POWERS
Notary Public, State of New York
No. 30-4741229
Qualified in Suffolk County
Commission Expires March 30, 20__